USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 10/22/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEMETRIO HERNANDEZ,

                 Petitioner,

- against -

UNITED STATES OF AMERICA,

                 Respondent.

**OPINION AND ORDER**

15 Civ. 10093 (ER)

Ramos, D.J.:

Petitioner Demetrio Hernandez ("Hernandez"), an incarcerated *pro se* litigant, brings this action pursuant to 28 U.S.C. § 2255 challenging his sentence on the basis of *U.S. v. Holloway*, 68 F.Supp. 3d 310 (E.D.N.Y. 2014). For reasons set forth below, the petition is DENIED.

**I.    BACKGROUND**

    **a. Factual Background**

Between 1988 and 1996, Hernandez was a member and one of the leaders of the Hoe Enterprise (the "Enterprise"), an organization that sold crack cocaine in the vicinity of Hoe Avenue in the Bronx. Doc. 108-4 at 18. During this time, the Enterprise distributed over 1.5 kilograms of crack cocaine. Doc. 108 at 3. Members of the Enterprise also used firearms against rival drug dealers. *Id.*

In August of 1993, Hernandez attempted to stop the activities of competing drug dealers who were selling crack cocaine one block away, on Vyse Avenue, by shooting at them. *Id.* When this failed, he paid a member of the Enterprise, Hector Bonilla, to murder one of the Vyse Avenue drug dealers. *Id.* The individual was subsequently shot in the head and killed. *Id.*; Doc. 108-4 at 19. In July of 1994, Hernandez enlisted others to kill Enercido Pineda, who was also

1

selling crack cocaine in the vicinity of Hoe Avenue. Doc. 108-4 at 19-20. Pineda was killed on July 19, 1994. *Id.* at 20.

In October of 1994, Hernandez hired and provided a gun to Domenech Bonilla to murder a competitor known as "Pito." Doc. 108 at 3. Bonilla failed and lost his firearm in the process. *Id.* Hernandez thought Bonilla had stolen a gun from the Enterprise and, on October 24, 1994, shot Bonilla in the head and the arm. *Id.* at 3-4; Doc. 108-3 at 20. Bonilla survived. Doc. 108 at 4.

### b. Procedural History

On June 16, 1999, Hernandez was charged by the United States Attorney's Office for the Southern District of New York ("Government") in a fourteen-count indictment alleging acts of racketeering, conspiracy to murder, conspiracy to distribute narcotics, and the use of a firearm in connection with crimes of violence. Doc. 108 at 4. On September 17, 1999, Hernandez pled guilty to a three-count superseding information. *See generally* Doc. 108-4. Count One charged him with participating in a racketeering enterprise involving conspiracy to murder and conspiracy to distribute narcotics, in violation of 18 U.S.C. §§ 1961, 1962(c), 1962(d). Doc. 108-1 at 1. Count Two charged him with the attempted murder of Bonilla in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). *Id.* Count Three charged him with conspiracy to assault the individual known as "Pito" with a dangerous weapon, in violation of 18 U.S.C. § 1959 (a)(6). *Id* at 2.

Pursuant to the terms of the plea agreement, Hernandez was to be sentenced to the statutory maximum of thirty-three years. Doc. 108-4 at 26. The plea agreement also included an appeal waiver; including a waiver of his right to challenge his sentence by habeas corpus or otherwise. Doc. 108-1 at 6.

By April 25, 2000, Hernandez retained new counsel and, during his sentencing, Hernandez expressed concerns about his accepted plea agreement. *See* Doc. 108-5. The presiding judge, Judge Barbara S. Jones, postponed Hernandez's sentencing because she was not "fully satisfied that he [had] explored whether or not he wishe[d] to withdraw his plea." Doc. 108-5 at 9-10. On May 19, 2000, however, Hernandez informed the Court that he was not withdrawing his plea and Judge Jones moved forward with his sentencing.[1] *See* Doc. 108-6. Hernandez was sentenced to thirty-three years of incarceration followed by three years of supervised release. Doc. 108-6 at 6.

On December 8, 2015, Hernandez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Doc. 99.

## II. LEGAL STANDARD

### a. Motion to Vacate, Set Aside, or Correct Pursuant to 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a prisoner who was sentenced by a federal court can petition the sentencing court to be released if (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is subject to collateral attack. 28 U.S.C. § 2255(a). Challenges on a Section 2255 motion "conflict with 'society's strong interest in the finality of criminal convictions,' so defendants are subject to a higher bar 'to upset a conviction on a collateral, as opposed to direct, attack.'" *Sidney Bright v. U.S.*, 2018 WL 5847103, at *2 (S.D.N.Y. 2018) (quoting *Yick Man Mui v. U.S.*, 614 F.3d 50, 53

---

[1] At sentencing, Hernandez stated that he believed he could have gotten a lower sentence if his previous counsel had negotiated harder, based on a comparison of his sentence to that of his co-defendants and other people whose criminal activities were the same as those to which he pled guilty. Doc. 108-6 at 4-5. However, realizing it was too late, he accepted the plea. *Id.* Furthermore, in the instant petition, Hernandez does not allege ineffective assistance of counsel.

3

(2d Cir. 2010)). Therefore, in cases not involving a constitutional violation or a lack of jurisdiction, "the Supreme Court has long held that . . . relief [through a collateral attack] is available only when the claimed error constitutes a 'fundamental defect which inherently results in a *complete* miscarriage of justice' and presents '*exceptional circumstances* when the need for the remedy afforded by the writ of habeas corpus is apparent.'" *Nnebe v. U.S.*, 534 F.3d 87, 90 (2d Cir. 2008) (quoting *Hill v. U.S.*, 368 U.S. 424, 428 (1962)) (emphasis added). Furthermore, "a district court need not assume the credibility of factual assertions as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding." *Puglisi v. U.S.*, 586 F.3d 209, 213 (2d Cir. 2009).

"An evidentiary hearing shall be granted with respect to a Section 2255 petition unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* (quoting 28 U.S.C. § 2255) (internal quotations omitted). The petitioner is only required to establish that his claim is plausible. *See Puglisi v. U.S.*, 586 F.3d 209, 213 (2d Cir. 2009) (citing *Armienti v. U.S.*, 234 F.3d 820, 823 (2d Cir. 2000)). The court then determines whether the claim, held in the light most favorable to the petitioner, may be able to establish a *prima facie* case for relief at an evidentiary hearing. *Id.*

### b. Pro Se Petitioner

For *pro se* petitions, the submissions are "held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Ferran v. Town of Nassau*, 11 F.3d 21 22, (2d Cir. 1993) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Courts construe the petitioner's submissions "liberally . . . 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *see also Green v. U.S.*, 260 F.3d

4

78, 83 (2d Cir. 2001). "A pro se litigant, however, is not exempt 'from compliance with relevant rules of procedural and substantive law.'" *Johnson v. N.Y.*, 851 F. Supp. 2d 713, 719 (S.D.N.Y. 2012) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)); *see also Carrasco v. U.S.*, 190 F. Supp. 3d 351, 352 (S.D.N.Y. 2016).

## III. DISCUSSION

### a. Waiver

Hernandez challenges his sentence under 28 U.S.C. § 2255 on the basis of *Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In *Holloway*, the defendant, charged with three armed carjackings, was offered a plea bargain that would have resulted in a guidelines range of 130 to 147 months. *Id.* at 312. He rejected the plea and, after trial, was ultimately sentenced to fifty-seven years in jail. After he served approximately twenty years, the court requested the government to vacate two of Holloway's convictions in order to give him a "more just" sentence. *Id.* at 314. The U.S. Attorney's Office, after initially declining the court's request, later agreed to vacate two of his convictions. *Id.* at 315.

Hernandez petitions this Court to follow the holding in *Holloway* and vacate counts two and three of his conviction, leaving him with an aggregate sentence of twenty years. Doc. 99 at 5. In support of his petition, Hernandez refers to his positive conduct throughout his years in federal custody. *See id.* at 4. Specifically, he notes that he has never received any disciplinary infractions since 2013, that he has maintained employment since 2000, and that he completed his GED in addition to other programs. *Id.* Additionally, Hernandez references similarly-situated defendants who were given lesser sentences between fifteen and twenty-five years, as compared to his sentence of thirty-three years. *See id.* at 10-11. The Government argues that Hernandez's

5

petition should be denied because his waiver of his ability to collaterally attack his sentence is valid and enforceable. *See* Doc. 108 at 14. The Court agrees.

It is well-settled that a federal defendant may waive both his right to direct appeal and his § 2255 rights. *See Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001). Additionally, "[t]he [Second] Circuit has specifically held that a waiver of a right to appeal in a plea agreement includes a waiver of a right to file [a] § 2255 petition challenging his or her sentence." *Russo v. U.S.*, 313 F. Supp. 2d 263, 265 (S.D.N.Y. 2004) (citing *U.S. v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995)). Courts look to the questioning of the plea proceedings to determine whether the waiver was knowing and voluntary. *See Gaton v. U.S.*, 2018 WL 5801055, at *3 (S.D.N.Y. 2018) (citing *U.S. v. Tang*, 214 F.3d 365, 367 (2d Cir. 2000)). "Where the record reveals that the waiver was knowing and voluntary . . . the waiver should be enforced." *Muniz v. U.S.*, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005) (citing *U.S. v. Monzon*, 359 F.3d 110, 119 (2d Cir. 2004)). Otherwise, if a petitioner who knowingly and voluntarily waived the right to appeal proceeded to appeal the merits of a sentence, "[s]uch a remedy would render the plea bargaining process and the resulting agreement meaningless." *U.S. v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993); *see also U.S. v. Blackwell*, 651 F. App'x 8, 10 (2d Cir. 2016); *Gaton v. U.S.*, 2018 WL 5801055, at *3 (S.D.N.Y. 2018). Courts have held that "an enforceable waiver bars claims based on grounds that arose after, as well as before, the agreement was signed." *Muniz*, 360 F. Supp. 2d at 577 (citing *Garcia-Santos*, 273 F.3d at 509).

In the instant case, it is clear that Hernandez knowingly and voluntarily waived his right to file this petition. First, Hernandez certified that he signed the Plea Agreement, in which he agreed that he would "neither appeal, nor otherwise litigate under [T]itle 28, United States Code,

Section 2255, a sentence of thirty-three years' imprisonment or less."[2] Doc. 108-1 at 6; Doc. 108-4 at 13-14. Additionally, this waiver was discussed at Hernandez's plea proceeding with Magistrate Judge Andrew J. Peck as well as at Hernandez's sentencing with Judge Jones. *See* Doc. 108-4. Judge Peck specifically asked Hernandez if he understood that he was agreeing not to "appeal or challenge via *habeas corpus* or any other way any sentence imposed upon [him] of 33 years or less," to which Hernandez answered, "[y]es." Doc. 108-4 at 16. At Hernandez's sentencing, after considering with counsel whether to withdraw his plea, Hernandez advised his counsel that he wished to move forward with the sentencing. Doc. 108-6 at 2. Lastly, Hernandez has not alleged in the instant petition that he had not understood, in any way, the waiver in his plea agreement or his giving up of his right to habeas corpus.

Because Hernandez agreed to waive his right to appeal in the Plea Agreement and further acknowledged his waiver at both his plea proceeding and sentencing, Hernandez has knowingly and voluntarily waived his right to appeal. Therefore, the waiver is valid and enforceable, and the instant petition is thus barred.

### b. Failure to State a Claim for Relief

Even if Hernandez did not waive his right to appeal, the Government asserts that Hernandez has failed to raise a cognizable claim for relief under Section 2255 because "[h]e does not . . . claim an Eighth Amendment or any other Constitutional violation . . . [and] he admits that there is no legal ground upon which he is entitled to relief." Doc. 108 at 15. The Court agrees. The petition is essentially a plea for clemency. Hernandez does not contend that his sentence was in direct violation of the Constitution or the laws of the United States. *See* 28

---

[2] The Plea Agreement (Doc. 108-1) originally stated that Hernandez would not be able to appeal, challenge by habeas corpus, or otherwise collaterally attack any sentence of twenty years' imprisonment or less. However, in open court at the guilty plea, the Government indicated that this was a typo and the agreement should have stated thirty-three years. Per the judge's request, Hernandez reviewed the change and initialed to agree. Doc. 108-4 at 15.

U.S.C. § 2255(a). Furthermore, he does not question this Court's jurisdiction or whether his sentence exceeded the maximum sentence authorized by law. *Id.* Lastly, Hernandez does not allege any facts raising exceptional circumstances or fundamental defects in any of his proceedings to indicate a complete miscarriage of justice regarding his sentence. *Nnebe*, 534 F.3d at 90.

The holding in *Holloway*, alone, is insufficient. *Holloway* was decided by a sister district court and, thus, does not have binding effect in this District. *See U.S. v. Rogers*, 2016 WL 10935635, at *3 (N.D.N.Y. 2016) (noting that "the court will not linger on . . . *Holloway*"). Additionally, the outcome reached in *Holloway* required the consent of the Government. The Court, itself, is powerless under the law to vacate Hernandez's convictions. *See U.S. v. Trader*, 2015 WL 4941820, at *15 (E.D. Pa. 2015) (citing *U.S. v. Randy Washington*, No. 11-605, Slip Op. at 12 (S.D.N.Y. 2014)). If the government does not consent, the *Holloway* relief is unavailable. *See U.S. v. Marin-Moreno*, 2016 WL 901666, at 2* (E.D.N.Y. 2016). In this case, the Government has clearly indicated that it is not consenting to vacate any of Hernandez's charges. *See* Doc. 108 at 16-20. Therefore, the holding in *Holloway* is inapplicable in this case.

c. **One-Year Limitations Period**

Even assuming *arguendo* that Hernandez's petition makes out a Section 2255 claim, the petition would still be dismissed as untimely. Section 2255 motions are subject to a one-year limitations period. 28 U.S.C. § 2255(f). The Court generally lacks jurisdiction to grant extensions of that limitations period and may only grant an extension if "(1) the moving party requests the extension upon or after filing an actual § 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." *Green v. U.S.*, 260 F.3d 78, 82 (2d Cir. 2001). Here, Hernandez does not allege 'rare and exceptional' circumstances that would

warrant the Court to equitably toll the limitations period. He does not allege, for example, any violations of the Constitution or the United States laws or that there was ineffective assistance of counsel. Additionally, he voluntarily and knowingly agreed to waive his right to appeal after having multiple opportunities to go over his plea with the assistance of counsel. Therefore, the Court holds that the one-year limitations period applies in the instant case to bar the instant petition.

## IV.    CONCLUSION

For the reasons set forth above, the instant petition is DENIED. The Clerk of the Court is respectfully directed to enter judgment, mail a copy of this order to Hernandez, and close the case.

Furthermore, because Hernandez has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

It is SO ORDERED.

Dated:  October 22, 2019
        New York, New York

                                                           Edgardo Ramos, U.S.D.J.
                                                           United States District Judge